United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO SERNA,<br><br>                    Plaintiff,<br><br>          v.<br><br>WARDEN SULLIVAN, et al.,<br><br>                    Defendants. | Case No.  18-cv-03446-YGR (PR)<br><br>**ORDER DISMISSING CLAIM AGAINST SANTA CLARA COUNTY SUPERIOR COURT; AND TRANSFERRING REMAINING CLAIMS TO EASTERN DISTRICT** |

## I.   INTRODUCTION

Plaintiff, a state prisoner, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1]  He will be granted leave to proceed *in forma pauperis* in a separate written Order.

On November 6, 2018, Magistrate Judge Donna M. Ryu issued an Order directing the Clerk of the Court to reassign this case to a district judge pursuant to *Williams v. King*, 875 F.3d 500, 502-05 (9th Cir. 2017) (magistrate judge lacks jurisdiction over a case unless all named parties, including unserved ones, consent to magistrate judge's jurisdiction).  The case was then reassigned to the undersigned district judge, who has reviewed the record.

For the reasons stated below, the Court DISMISSES the claim against the Santa Clara County Superior Court for failure to state a claim for relief and TRANSFERS the remaining claims against prison officials from the California Correctional Institution ("CCI").

## II.   DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

---

[1] The Court notes that Plaintiff did not sign the complaint at the time of filing.  *See* Dkt. 1 at 3.  However, after being directed to do so, Plaintiff signed his complaint and filed it with the Court.  *See* Dkt. 5 at 3.

1   monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se*

2   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

3   Cir. 1988).

4          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements,

5   namely that: (1) a right secured by the Constitution or laws of the United States was violated, and

6   (2) the alleged violation was committed by a person acting under the color of state law.  *West v.*

7   *Atkins*, 487 U.S. 42, 48 (1988).

8             **B.**    **Plaintiff's Claims**

9                  **1.**    **Venue**

10          A threshold issue in this case is the matter of venue.  When jurisdiction is not founded

11   solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the

12   defendants reside in the same state, (2) the district in which a substantial part of the events or

13   omissions giving rise to the claim occurred, or a substantial part of property that is the subject of

14   the action is situated, or (3) a judicial district in which any defendant may be found, if there is no

15   district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Venue may be raised

16   by the court *sua sponte* where the defendant has not yet filed a responsive pleading and the time

17   for doing so has not run.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

18          Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other

19   division or district in which the action might have been brought, where it would be in the interests

20   of justice and convenience of parties.  *See* Advisory Comment following § 1404.  Here, a majority

21   of the acts complained of occurred at CCI, which is located in the Eastern District of California,

22   and it appears that Defendants reside in that district.  Venue, therefore, properly lies in that district

23   and not in this one.  *See* 28 U.S.C. § 1391(b).  It is in the interests of justice and convenience of

24   the parties for these claims to be transferred to the United States District Court for the Eastern

25   District of California.  Accordingly, the Court will transfer all documents filed by Plaintiff relating

26   to his incarceration at CCI, which pertain to his conditions of confinement there.  The Court will,

27   however, sever and retain jurisdiction over Plaintiff's claim against the Santa Clara County

28   Superior Court.  Therefore, this Order will address only the merits of that claim below.

United States District Court
Northern District of California

### 2.      Claim Against Santa Clara County Superior Court

Plaintiff names the Santa Clara County Superior Court as a Defendant in this action.  Dkt. 1 at 1, 2.  Plaintiff claims that he was "never provide[d] all portion[s] of [his] legal documents which [he had] requested . . . ."  *Id.*

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.  *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979), *cert. denied*, 445 U.S. 962 (1980); *see also Sharma v. Stevas*, 790 F.2d 486, 486 (9th Cir. 1986).  As long as the challenged activities are an integral part of the judicial process and not in clear absence of all jurisdiction, therefore, the clerk enjoys absolute quasi-judicial immunity, even if the clerk committed errors or mistakes.  *See Mullis v. United States Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (clerks who erred in failing to carry out their duties acted within general subject matter jurisdiction of their positions and consequently qualified for quasi-judicial immunity); *see also id.* (mistake or act in excess of jurisdiction does not abrogate judicial immunity, even if it results in grave procedural errors).  Accordingly, Plaintiff's claim against the Santa Clara County Superior Court is DISMISSED.

### III.    CONCLUSION

For the reasons outlined above, the Court orders as follows:

1.      Plaintiff's claim against the Santa Clara County Superior Court—the only claim that has been addressed by this Court—is DISMISSED for failure to state a claim for relief.

2.      Plaintiff's remaining claims pertaining to his conditions of confinement at CCI are hereby ordered TRANSFERRED pursuant to 28 U.S.C. § 1404(a) and in the interests of justice to the United States District Court for the Eastern District of California.  The Clerk shall transfer the case forthwith.  A copy of this Order shall also be sent to Plaintiff.

3.      The Clerk shall terminate all remaining motions on this Court's docket as no longer pending in this district.

IT IS SO ORDERED.

Dated: November 19, 2018

YVONNE GONZALEZ ROGERS
United States District Judge

3