# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO SERNA,<br><br>                Plaintiff,<br><br>   v.<br><br>SULLIVAN, et al.,<br><br>               Defendants. | 1:18-cv-01650-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND VIOLATION OF RULE 18(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE, WITH LEAVE TO AMEND**<br>**(ECF No. 5.)**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

## I. BACKGROUND

Norberto Serna ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act, , 42 U.S.C. § 12132. On June 11, 2018, Plaintiff filed the Complaint commencing this action at the United States District Court for the Northern District of California. (ECF No. 1.) The Complaint was not signed. On August 15, 2018, the Northern District court notified Plaintiff that he had not signed the Complaint, and on August 27, 2018, Plaintiff re-submitted the Complaint bearing his signature. (ECF No. 5.)

On November 19, 2018, the Northern District Court dismissed Plaintiff's claims against Santa Clara County Superior Court and transferred the remaining claims to this court. (ECF No. 9.) The Complaint is now before the court for screening. 28 U.S.C. § 1915A.

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is presently incarcerated at the California Correctional Institution (CCI) in Tehachapi, California, where the events at issue in the Complaint allegedly occurred. Plaintiff ///

names as defendants, Mr. Sullivan (Warden, CCI), Captain Ms. Gonzales, and Ms. Montegrande (Doctor) (collectively "Defendants").

Plaintiff allegations follow:

Plaintiff is hearing-impaired and has medical issues with his back, legs, and feet. He has chronos[1] for his back (lower tier, lower bunk) and for hearing aids in both ears.

The gravamen of Plaintiff's Complaint appears to be that he is not being provided with the accommodations he is entitled to as an ADA[2] inmate. Plaintiff alleges that he should be in the Disability Placement Program with access to the library dayroom, telephone calls, yard time, and showers. Plaintiff alleges that defendants, Mr. Sullivan and Ms. Gonzales, do not acknowledge the operational procedure (Remedial Plan) that Plaintiff should follow as a member of the ADA. Plaintiff alleges that defendant, Dr. Montegrande, delays his treatment for serious medical needs which discriminates against Plaintiff for his disability.

Plaintiff also makes other allegations that appear unrelated to his disability. Plaintiff alleges that he is falsely imprisoned and was sentenced without being given his right to speak, denying him access to the court. He also alleges that the "kitchen is so dirty." Compl. at 3:14.

Plaintiff's request for relief in the Complaint states, "I am traumatized, deteriorated physically and mentally injured for discriminating (*sic*) my disability and suffered (*sic*) every day. I'm praying to God Almighty that your prestigious office will accommodate my petition and summons all the defendants so that justice will prevail to those that were abused by (*sic*) their constitutional rights." (ECF No. 5 at 3 ¶ IV.)

IV.  **PLAINTIFF'S CLAIMS**

A.  **42 U.S.C. § 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[1] A General Chrono means a CDC Form 128-B which is used to document information about inmates and inmate behavior. 15 CCR § 3000.

[2] Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.

3

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. Personal Participation and Linkage

Plaintiff is advised that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior*

4

liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the Defendants in their supervisory capacity, Plaintiff fails to state a § 1983 claim.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson, 588 F.2d at 743. In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Accordingly, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676-77. It is not sufficient to use conclusory language such as "Ms. Montegrande -- discrimination of my disability for delaying my serious medical needs." Plaintiff must explain what Ms. Montegrande did, telling the story of what happened first and then what happened next, how she acted, what Plaintiff saw, heard, or otherwise personally knew, and what Ms. Montegrande did that violated his rights.

Plaintiff has not alleged *facts* showing personal actions by any of the Defendants that demonstrate a violation of Plaintiff's rights. Therefore, Plaintiff fails to state a cognizable § 1983 claim against any of the Defendants.

### C. Rule 18(a) of the Federal Rules of Civil Procedure

Plaintiff alleges multiple claims in the Complaint that appear to be largely unrelated. Plaintiff may not proceed in one action on a myriad of unrelated claims against different defendants. Plaintiff's claims violate Federal Rules of Civil Procedure 18(a).

"The controlling principle appears [as follows]: 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

It appears that Plaintiff seeks to bring ADA claims against all of the Defendants. But Plaintiff also claims that he is falsely imprisoned because he was wrongly sentenced and denied access to the courts,[3] and that the kitchen is dirty. These claims appear unrelated to each other under Rule 18(a), and Plaintiff may not bring unrelated claims in one case. Plaintiff must choose which related claims to bring in this case. Therefore, the Complaint shall be dismissed for violation of Rule 18(a), with leave to file an amended complaint within 30 days curing the deficiencies in Plaintiff's claims.

In the paragraphs that follow the court shall set forth the legal standards for the claims that it appears Plaintiff seeks to bring. Plaintiff is advised to review the legal standards before deciding which claims to bring in the First Amended Complaint.

///

---

[3] It appears to the court that Plaintiff's claims pertaining to sentencing, false imprisonment, and denial of access to courts were dismissed in the Northern District of California when that court dismissed Plaintiff's claims against the Santa Clara County Superior Court. If this is the case, Plaintiff may not re-allege those claims in the First Amended Complaint.

### D. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is

///

insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Here, Plaintiff alleges that Dr. Montegrande delayed medical care for his serious medical needs. Plaintiff's allegations that he is hearing impaired and has medical issues with his back, legs, and feet are sufficient to establish that he has serious medical needs. However, Plaintiff has not shown that Dr. Montegrande knew about his serious medical needs and knew that he was at substantial risk of serious harm. Nor has Plaintiff shown that Dr. Montegrande consciously ignored the excessive risk and failed to provide reasonable medical care, causing Plaintiff to be harmed. Therefore, Plaintiff fails to state a medical claim against Dr. Montegrande.

Plaintiff is advised that the treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the RA or the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (RA not intended to apply to medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within scope of ADA or RA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").

### E. **Americans With Disabilities Act (ADA)**

#### 1. **Standards to State an ADA Claim**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity,'" Pennsylvania Dept. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998).

///

"Generally, public entities must 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7)). The state is responsible for providing inmates with "the fundamentals of life, such as sustenance, the use of toilet and bathing facilities, and elementary mobility and communication," and as such, the ADA requires that these "opportunities" be provided to disabled inmates "to the same extent that they are provided to all other detainees and prisoners." Armstrong v. Schwarzenegger, 622 F.3d 1058, 1068 (9th Cir. 2010); see also Pierce, 526 F.3d at 1220 (finding ADA violation where defendant failed to articulate "any legitimate rationale for maintaining inaccessible bathrooms, sinks, showers, and other fixtures in the housing areas and commons spaces assigned to mobility—and dexterity-impaired detainees").

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed

to provide" and show that the defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

### 2. Appropriate Defendants in ADA Actions

The proper defendant in an ADA action is the public entity responsible for the alleged discrimination. Georgia, 546 U.S. at 153. State correctional facilities are "public entities" within the meaning of the ADA. See 42 U.S.C. § 12131(1)(A) & (B); Yeskey, 524 U.S. at 210; Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997). Also, a state official sued in his or her official capacity is, in effect, a suit against the government entity and is an appropriate defendant in an ADA action. See Applegate v. CCI, No. 1:16–cv–1343 MJS (PC), 2016 WL 7491635, at *5 (E.D. Cal. Dec. 29, 2016) (citing Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187–88 (9th Cir. 2003); Kentucky v. Graham, 473 U.S. 159, 165 (1985)).

Ordinarily, a plaintiff is not entitled to monetary damages against defendants in their official capacities. Aholelei v. Department of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."). However, the Eleventh Amendment does not bar ADA suits against state officials in their official capacities for injunctive relief or damages. See Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792–93 (9th Cir. 2004).

### 3. Discussion

Plaintiff has sufficiently established in the Complaint that he qualifies as disabled under the ADA, because he is hearing-impaired and has medical issues with his back, legs, and feet.

However, Plaintiff fails to state a claim against Defendants in their individual or official capacities. Defendants in their individual capacities are precluded under the ADA,[4] and

---

[4] Plaintiff may name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities. Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). Individual liability is precluded under the ADA. Shaughnessy, 2010 WL 2573355, at *8; Anaya, 2009 WL 3763798, at *5-6; Roundtree, 2005 WL 3284405, at *5.

monetary damages are available against Defendants in their official capacities only if Plaintiff shows discriminatory intent.[5] Plaintiff has not shown that he was intentionally discriminated against because of his disability. There are no facts demonstrating that any Defendant knew there was a likelihood of harm to Plaintiff if he did not receive the ADA accommodations he was entitled to. Plaintiff uses conclusory language when alleging that Defendants failed to "acknowledge the operational procedure (Remedial Plan) as member of ADA that I should be in (*sic*) the Disability Placement Program but (*sic*) cell living with Limited Program, like access to the library, dayroom, telephone calls, yard time, and shower." (ECF No. 5. At 3:9-13.) These allegations are insufficient to state a claim. Plaintiff must allege facts showing what each individual Defendant did, showing that each Defendant knew that he qualified for ADA accommodations and yet unreasonably denied him the accommodations he is entitled to, resulting in Plaintiff being unable to participate in prison activities, because of his disabilities. Plaintiff has not alleged facts showing that any Defendant was consciously aware of a likelihood of harm and yet deliberately failed to reasonably respond. Thus, Plaintiff fails to state a claim against Defendants in their official capacity.

Based on the foregoing, the court finds that Plaintiff fails to state any cognizable claims under the ADA.

### F. Conditions of Confinement -- Eighth Amendment Claim

Plaintiff alleges that the "kitchen is so dirty." (ECF No. 5 at 3:14.)

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer,

---

[5] Plaintiff may proceed under Title II of the ADA for monetary damages against Defendants in their official capacities, but only if Plaintiff shows discriminatory intent. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. Duvall, 260 F.3d at 1138. Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. Id. at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. Id. The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. Id. at 1139-40.

511 U.S. at 847 and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison

official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

A dirty kitchen, without more, is not an extreme deprivation and does not rise to the level of a violation of the Eighth Amendment. To state a claim, Plaintiff must allege facts showing that an individual Defendant knew about a substantial risk of serious harm to Plaintiff and acted against him while deliberately ignoring the risk, causing Plaintiff harm. Plaintiff has not done so. Therefore, Plaintiff fails to state a claim against any Defendant based on a dirty kitchen.

### G. Sentencing, False Imprisonment, Access to Courts

Plaintiff alleges in the Complaint that he was wrongly sentenced, falsely imprisoned, and denied access to the courts. When a plaintiff challenges the legality or duration of his custody or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

///

The Complaint does not contain any allegations to show that Plaintiff's conviction, or sentence has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus. Accordingly, it appears that these claims must be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

**V.    CONCLUSION AND ORDER**

The court finds that Plaintiff's Complaint fails to state any claim upon which relief may be granted under § 1983 or the ADA. Therefore, the court will dismiss the Complaint for failure to state a claim and for violation of Rule 18(a) of the Federal Rules of Civil Procedure and grant Plaintiff leave to file a First Amended Complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the First Amended Complaint within thirty days.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Iqbal, 556 U.S. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George, 507 F.3d at 607 (no "buckshot" complaints). Plaintiff should also note that he is not granted leave to add allegations of events occurring after the date he filed the Complaint, June 11, 2018.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on June 11, 2018, is DISMISSED for failure to state a claim under § 1983 or the ADA, and for violation of Rule 18(a) of the Federal Rules of Civil Procedure, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-01650-GSA-PC; and
5. If Plaintiff fails to file a First Amended Complaint within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __September 27, 2019__        __/s/ Gary S. Austin__
UNITED STATES MAGISTRATE JUDGE