**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NORBERTO SERNA, | 1:18-cv-01650-LJO-GSA-PC |
| Plaintiff, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | **ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS ENTERED ON DECEMBER 5, 2019** |
| SULLIVAN, et al., | **(ECF No. 16.)** |
| Defendants. | |
| | **ORDER GRANTING PLAINTIFF EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT** |
| | **THIRTY-DAY DEADLINE** |

**I.     BACKGROUND**

Norberto Serna ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.  On June 11, 2018, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

On December 5, 2019, the court entered findings and recommendations to dismiss this case for Plaintiff's failure to state a claim based upon Plaintiff's failure to file an amended

complaint pursuant to the court's order of September 27, 2019. (ECF No. 16.) On December 19, 2019, Plaintiff filed objections to the findings and recommendations. (ECF No. 17.)

## II. MOTION FOR APPOINTMENT OF COUNSEL

In his objections, Plaintiff requests appointment of counsel asserting that he is uneducated, can barely read and write in Spanish, and cannot speak English well enough to litigate this case. Plaintiff explains that another inmate is assisting him.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. The fact that Plaintiff is uneducated and cannot speak English well does not make Plaintiff's case exceptional under the law. At this early stage in the proceedings the court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's Complaint was dismissed on September 27, 2019, for failure to state a claim and violation of Rule 18, with leave to amend. To date, Plaintiff has not filed an amended complaint. Thus, there is no complaint on record in this case for which the Court has found cognizable claims. It is too early for service of process, and no other parties have yet appeared. Moreover, based on the record in this case the Court finds that Plaintiff can adequately articulate his claims. Therefore, Plaintiff's motion for appointment of counsel shall be denied, without prejudice to renewing the motion at a later stage of the proceedings.

1  ///

2  ///

3  **III. WITHDRAWAL OF FINDINGS AND RECOMMENDATIONS; EXTENSION OF**

4  **TIME**

5        In light of Plaintiff's circumstances, the court shall withdraw the findings and

6  recommendations entered on December 5, 2019, and grant Plaintiff an extension of time to file

7  the First Amended Complaint. The Clerk of Court shall be directed to send Plaintiff a civil rights

8  complaint form. Plaintiff shall be granted thirty more days in which to file the First Amended

9  Complaint, pursuant to the order issued on September 27, 2019.

10 **III. CONCLUSION**

11       In light of the foregoing, IT IS HEREBY ORDERED that:

12     1.    Plaintiff's motion for appointment of counsel is DENIED;

13     2.    The findings and recommendations entered on December 5, 2019, are

14          WITHDRAWN;

15     3.    The Clerk of Court shall SEND Plaintiff a civil rights complaint form;

16     4.    Plaintiff is GRANTED thirty days from the date of service of this order in which

17          to file a First Amended Complaint pursuant to the court's order of September 27,

18          2019; and

19     5.    Plaintiff's failure to comply with this order may result in the dismissal of this

20          action, with prejudice, for failure to state a claim.

21

22 IT IS SO ORDERED.

23    Dated:   **January 6, 2020**            **/s/ Gary S. Austin**

24                                 UNITED STATES MAGISTRATE JUDGE

25

26

27

28