UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORBERTO SERNA,<br><br>                Plaintiff,<br><br>    v.<br><br>SULLIVAN, et al.,<br><br>                Defendants. | 1:18-cv-01650-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 19.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

## I. BACKGROUND

Norberto Serna ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. On June 11, 2018, Plaintiff filed the Complaint commencing this action at the United States District Court for the Northern District of California.

1

(ECF No. 1.) The Northern District dismissed Plaintiff's claim against Santa Clara County Superior Court and transferred the remainder of the case to this court on November 19, 2018. (ECF No. 9.) On September 27, 2019, the court screened the Complaint and dismissed it for violation of Rule 18 of the Federal Rules of Civil Procedure, with leave to amend.[1] (ECF No. 14.) On January 27, 2020, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 19.)

## II.  SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state

---

[1] Plaintiff was granted thirty days in which to file the First Amended Complaint. (ECF No. 19.) The thirty-day deadline passed and Plaintiff did not file an Amended Complaint or any other response to the court's screening order. On December 5, 2019, the court entered findings and recommendations to dismiss this case for failure to state a claim, obey a court order, and prosecute this action. (ECF No. 16.) On December 19, 2019, Plaintiff filed objections to the findings and recommendations. (ECF No. 17.) In the objections, Plaintiff requested the appointment of counsel and argued that he is not educated, does not speak English well, and can barely read and write Spanish. On January 6, 2020, the court denied Plaintiff's request for appointment of counsel and withdrew the findings and recommendations, granting Plaintiff thirty more days to file the First Amended Complaint. (ECF No. 18.) On January 27, 2020, Plaintiff filed the First Amended Complaint. (ECF No. 19.)

a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint is highly deficient and should be dismissed without leave to amend. Plaintiff names one defendant, Sullivan, but makes no allegations, states no claims, and requests no relief. Although Plaintiff signed the form complaint, he did not complete the pages of the complaint.

### IV. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint. Therefore, the court shall recommend that this case be dismissed for failure to state a claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court, and Plaintiff has not stated any claims upon which relief may be granted under § 1983. The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983 or the ADA; and
2. The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 13, 2020**　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE